Jonathan Evans (CA Bar No. 247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Telephone: (510) 844-7100 x318
Cellphone: (213) 598-1466
Email: jevans@biologicaldiversity.org

Camilla Getz (CA Bar No. 344130)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Cellphone: (208) 901-1990
Email: cgetz@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and
Center for Environmental Health*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br><br>and<br><br>CENTER FOR ENVIRONMENTAL HEALTH<br><br>                Plaintiffs,<br><br>      vs.<br><br>MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>                Defendant. | Case No. 22-CV-03309-RS<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>(Clean Air Act, 42 U.S.C. §§ 7401 *et seq*) |

**INTRODUCTION**

1.      This action is brought under the federal Clean Air Act, 42 U.S.C. §§ 7401–7671q, and seeks to compel the Administrator of the United States Environmental Protection Agency ("EPA") to carry out his outstanding legal obligations to 1) take final action on State Implementation Plans ("SIP") for the 2008 ozone National Ambient Air Quality Standards ("NAAQS") in the following nonattainment areas: North Dakota; Ventura County, California; Colorado; and Pennsylvania, 2) promulgate Federal Implementation Plans ("FIP") to address requirements for the 2008 ozone NAAQS that apply to nonattainment areas in California and New Hampshire, and 3) to take final action for the 2020 Reasonably Available Control Technology ("RACT") demonstration for the 2008 ozone NAAQS in San Diego County, California.

2.      Ozone air pollution has profound effects on human health. EPA found that ozone "posed multiple, serious threats to health" including: worsening respiratory and cardiovascular health, increased likelihood of early death, increased asthma-related hospital admissions, increased likelihood of children developing asthma as adolescents, and lower birthweights and decreased lung function in newborns.[1] Individuals particularly sensitive to ozone exposure include older adults, people with heart and lung disease, people who work and exercise outdoors, and children.[2]

3.      Ozone is also harmful to vegetation and ecosystems.[3] Ozone can be especially

---

[1] American Lung Association, *Ozone*, https://www.lung.org/clean-air/outdoors/what-makes-air-unhealthy/ozone (last updated Apr. 20, 2020) (summarizing the results of Table 1-1 in EPA, *Integrated Science Assessment for Ozone and Related Photochemical Oxidants*, 1-5 (2013)), EPA/600/R-I0/076F.
[2] 78 Fed. Reg. 3086, 3088 (Jan. 15, 2013); *see* 73 Fed. Reg. 16436, 16440 (Mar. 27, 2008).
[3] EPA, *Ecosystem Effects of Ozone Pollution*, https://www.epa.gov/ground-level-ozone-pollution/ecosystem-effects-ozone-pollution (last updated Mar. 8, 2022).

1

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

harmful to sensitive vegetation—including trees such as the black cherry, quaking aspen, white pine, and ponderosa pine—during the growing season.[4] Ozone pollution can also indirectly harm soils, water, wildlife, and their associated ecosystems, leading to diminished clean air and water.[5]

4.   Finally, ozone pollution also contributes to the climate crisis, as ozone is a greenhouse gas and ozone pollution hinders plant growth throughout a plant's lifecycle, thereby shrinking the carbon sequestration potential of plants.[6]

5.   Accordingly, Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY and CENTER FOR ENVIRONMENTAL HEALTH bring this action against Defendant MICHAEL S. REGAN, in his official capacity as Administrator for the United States EPA, to compel him to perform his mandatory duties to ensure health and public welfare protections promised under the Clean Air Act.

## JURISDICTION

6.   This case is a Clean Air Act "citizen suit." Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a) (Clean Air Act citizen suit).

7.   An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. § 505 or 11 U.S.C. § 1146, and the case does not involve the Tariff Act of 1930.

---

[4] EPA, *Ecosystem Effects of Ozone Pollution*, https://www.epa.gov/ground-level-ozone-pollution/ecosystem-effects-ozone-pollution (last updated Mar. 8, 2022); *see also* EPA, *Integrated Science Assessment for Ozone and Related Photochemical Oxidants*, 8-42 (Apr. 2020), EPA/600/R-20/012.

[5] 73 Fed. Reg. 16436, 16486 (Mar. 27, 2008).

[6] *Id.*; *see generally* University California Davis, *Biological Carbon Sequestration*, https://climatechange.ucdavis.edu/science/carbon-sequestration/biological/ (last updated Nov. 5, 2021).

2

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

8.     Thus, this Court has jurisdiction to order declaratory relief under 28 U.S.C. §

2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue

injunctive relief.

**NOTICE**

9.     Plaintiffs gave EPA written notice of intent to sue regarding the claims alleged in

the June 7, 2022 Complaint on February 10, 2021, by certified mail.

10.     Plaintiffs gave EPA written notice of intent to sue regarding the claims alleged in

this Amended Complaint on July 5, 2022, by certified mail.

11.     More than sixty days have passed since Plaintiffs mailed the notice letters. EPA

has not remedied the violations alleged in this Amended Complaint. Therefore, a present and

actual controversy exists between the parties.

**VENUE**

12.     Defendant EPA resides in this judicial district. This civil action is brought against

an officer of the United States acting in his official capacity. Some of the claims in this Amended

Complaint concern EPA's failure to perform mandatory duties pertaining to California. EPA

Region 9, which is responsible for California, is headquartered in San Francisco. Thus, events

and omissions at issue in this action occurred at EPA's Region 9 headquarters in San Francisco.

Additionally, Plaintiff CENTER FOR ENVIRONMENTAL HEALTH resides in Oakland.

Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

**INTRADISTRICT ASSIGNMENT**

13.     A substantial part of the events and omissions giving rise to the claims in this case

occurred in the County of San Francisco. Accordingly, assignment to the Oakland or San

Francisco Division is proper pursuant to Civil L.R. 3-2(c) and (d).

3

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

**PARTIES**

14.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a non-profit 501(c)(3) corporation incorporated in California. The Center for Biological Diversity's mission is to ensure the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters, and public health through science, policy, and environmental law. Based on the understanding that the health and vigor of human societies and the integrity and wildness of the natural environmental are closely linked, the Center for Biological Diversity is working to secure a future for animals and plants hovering on the brink of extinction, to protect the ecosystems they need to survive, and for a healthy, livable future for all of us.

15.     Plaintiff the CENTER FOR ENVIRONMENTAL HEALTH is an Oakland, California based non-profit organization that helps protect the public from toxic chemicals and promotes business products and practices that are safe for public health and the environment. The Center for Environmental Health works in pursuit of a world in which all people live, work, learn, and play in healthy environments.

16.     Plaintiffs' members live, work, recreate, travel, and engage in activities throughout the areas at issue in this Amended Complaint and will continue to do so on a regular basis. Pollution in the affected areas threatens and damages, and will continue to threaten and damage, the health and welfare of Plaintiffs' members. Pollution diminishes Plaintiffs' members' ability to enjoy the aesthetic qualities and recreational opportunities of the affected areas.

17.     Plaintiffs have a member who visits North Dakota and its parks to birdwatch and recreate. He intends to return to North Dakota. This member is adversely affected by EPA's failure to take final action for the 2008 ozone NAAQS nonattainment SIP submittal for North Dakota.

4

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

18.     Plaintiffs have a member who lives in Ventura County who spends a significant amount of time outdoors enjoying recreational pursuits. This member's health is impacted by ozone pollution. This member is adversely affected by EPA's failure to take final action on the contingency measures for the Ventura County, California Serious 2008 ozone SIP.

19.     Plaintiffs have a member who lives in Colorado who partakes in numerous outdoor activities. He has asthma and is therefore sensitive to ozone. This member is adversely affected by EPA's failure to take final action on Colorado's SIP revision for the Colorado's New Source Review ("NSR") permitting program and Air Pollution Emission Notices and EPA's failure to take final action on Colorado's SIP submittal for Clean Air Act section 182(c) requirements for the Denver Metro/North Front Range Serious nonattainment area under the 2008 ozone NAAQS.

20.     Plaintiffs have a member who lives in Pennsylvania and frequently walks outdoors. This member has asthma and is therefore sensitive to ozone. This member is adversely affected by EPA's failure to take final action on the RACT requirement for the Montour, LLC facility.

21.     Plaintiffs have a member whose work focuses on California deserts including the Mojave Desert. This member is adversely affected by EPA's failure to issue a FIP for the Los Angeles—San Bernardino Counties (West Mojave Desert), California area, frequently visits the area, and intends to return there

22.     Plaintiffs have a member who has lived in Sacramento since the 1990's and will continue to do so. This member currently lives in the Sacramento Metro (Sacramento) area, and he lived in the Sacramento (Yolo-Solano) area for five years. He currently bikes through the greater Sacramento region including Yolo County and Placer County area every weekend.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

Additionally, this member rides his bicycle through Solano County once a year, and the next bicycle trip through Solano County is scheduled for October 1st, 2022. This member is adversely affected by EPA's failure to issue a FIP for California areas: Sacramento Metro (Sacramento), Sacramento (Yolo-Solano), and Placer County.

23.     Plaintiffs have a member who owns a condominium in New Hampshire and spends a significant portion of the year in the state and will continue to do so. He enjoys outdoor activities including hiking in New Hampshire. He is elderly and thus sensitive to ozone. This member is adversely affected by EPA's failure to issue a FIP for the New Hampshire area.

24.     Plaintiffs have a member who enjoys various outdoor activities in San Diego County. This member is adversely affected by EPA's failure to take final action on the 2020 RACT demonstration for the 2008 ozone NAAQS for San Diego County, California.

25.     EPA's failure to timely perform the mandatory duties described herein also adversely affects Plaintiffs, as well as their members, by depriving them of procedural protection and opportunities, as well as information that they are entitled to under the Clean Air Act. Furthermore, EPA's failure to perform its mandatory duties also creates uncertainty for Plaintiffs' members as to whether they are exposed to excess air pollution.

26.     Defendant MICHAEL S. REGAN is sued in his official capacity as the Administrator of the United States EPA. In that role, EPA has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

27.     The above injuries will continue until the Court grants the relief requested herein.

## STATUTORY FRAMEWORK

28.      Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring the air we breathe through the

6

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

Nation is wholesome once again." H.R. Rep. No. 1146, 91st Cong., 2d Sess. 1, 1 (1970).

29.    Commensurate with this goal, Congress authorized the Administrator of the United States EPA to establish NAAQS for "criteria pollutants," which are air pollutants that "cause or contribute to air pollution which may reasonably be anticipated to endanger public health or welfare." 42 U.S.C. § 7408(a)(1)(A).

30.    There are primary and secondary NAAQS. *Id*. § 7409(a)(1)(A). Primary NAAQS provide for "an adequate margin of safety…to protect the public health," while secondary NAAQS "protect the public welfare from any known or anticipated adverse effects associated with the presence of such air pollutants in the ambient air." *Id.* § 7409(b)(1)-(2).

31.    After promulgating a new or revised NAAQS, the Administrator determines whether geographic areas are designated as nonattainment (areas that do not meet the primary or secondary NAAQS), attainment (areas that meet the primary or secondary NAAQS), or unclassifiable (areas that cannot be classified based on available information). *Id.* § 7407(d)(1)(A).

32.    States are required to submit SIPs and plan revisions that "provides for the implementation, maintenance, and enforcement" of any NAAQS. *Id.* § 7410(a)(1).

33.    Within six months of a state submitting a SIP, the Administrator must make a completeness finding. However, if the Administrator does not make a completeness finding within six months of submittal, the plan submission is deemed administratively complete by operation of law. *Id*. § 7410(k)(1)(B).

34.    EPA is required to take final action to approve, disapprove, or provide a conditional approval or disapproval within twelve months of a completeness finding for a SIP. *Id*. § 7410(k)(2)-(3).

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

35.     Within two years of EPA finding that a state failed to submit a required SIP or disapproval of a SIP submittal, EPA must promulgate a FIP. *Id*. § 7410(c).

## FACTUAL BACKGROUND

### A.  **EPA Violated the Clean Air Act by Failing to Take Final Action for the 2008 Ozone NAAQS Nonattainment SIP Submittal for Nonattainment Areas**

**North Dakota**

36.     North Dakota submitted a SIP submittal to EPA on August 3, 2020, which contains amendments to North Dakota Administrative Code and Article 33.1-15 (Air Pollution Control). 86 Fed. Reg. 41413, 41414 (Aug. 2, 2021). Pursuant to 42 U.S.C. 7410(k)(1)(B), the submittal was deemed administratively complete by no later than February 3, 2021. Therefore, pursuant to 42 U.S.C. § 7410(k)(2), EPA had a mandatory duty to take final action on the submittal by no later than February 3, 2022. However, EPA has not taken final action. Therefore, EPA is in violation of its nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

**Ventura County, California**

37.     EPA failed to take final action on the contingency measures for the Ventura County's SIP. 87 Fed. Reg. 24060, 24061 (Apr. 22, 2022); *see also* 85 Fed. Reg. 11814, 11814 (Feb. 27, 2020). In 2017 and 2018, the California Air Resources Board submitted SIP revisions to address the nonattainment planning requirements for Ventura County for the 2008 ozone NAAQS. 87 Fed. Reg. 24060, 24061. Additionally, there was a vacatur of the previous conditional approval. *Id.* at 24060.

38.     The "Final 2016 Ventura County Air Quality Management Plan" was submitted to EPA on April 11, 2017. 84 Fed. Reg. 70109, 70112 (Dec. 20, 2019). Pursuant to 42 U.S.C. 7410(k)(1)(B), the submittal was deemed administratively complete by no later than October 11,

8

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

2017. Therefore, pursuant to 42 U.S.C. § 7410(k)(2), EPA had a mandatory duty to take final action on the submittal by no later than October 11, 2018. However, EPA has not taken final action. Therefore, EPA is in violation of its nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

39.     CARB submitted the "2018 Updates to California State Implementation Plan" to EPA on December 5, 2018. 84 Fed. Reg. 70109, 70112. Pursuant to 42 U.S.C. 7410(k)(1)(B), the submittal was deemed administratively complete by no later than June 5, 2019. Therefore, pursuant to 42 U.S.C. § 7410(k)(2), EPA had a mandatory duty to take final action on the submittal by no later than June 5, 2020. However, EPA has not taken final action. Therefore, EPA is in violation of its nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

### Colorado—NSR and Air Pollution Emission Notices

40.     Colorado submitted a SIP submittal to EPA on May 13, 2020. 87 Fed. Reg. 16439, 16439 (Mar. 23, 2022). The SIP revisions contain amendments to the Colorado's NSR permitting program and Air Pollution Emission Notices. *Id.* Pursuant to 42 U.S.C. 7410(k)(1)(B), the submittal was deemed administratively complete by no later than November 13, 2020. Therefore, pursuant to 42 U.S.C. § 7410(k)(2), EPA had a mandatory duty to take final action on the submittal by no later than November 13, 2021. However, EPA has not taken final action. Therefore, EPA is in violation of its nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

### Colorado—Section 182(c) Requirements

41.     Colorado submitted a SIP to EPA on March 22, 2021.[7] The SIP submittal

---

[7] Completeness Determination Letter from Carl Daly, Acting Director Air and Radiation Division, EPA Region 8 to Garry Kaufman, Division Direction, Air Pollution Control Division

9

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

addressed Clean Air Act section 182(c) requirements for the Denver Metro/North Front Range

Serious nonattainment area under the 2008 ozone NAAQS.[8] In a completeness determination

letter dated June 2, 2021, EPA determined the SIP submittal fulfills the completeness criteria.[9]

42.     Pursuant to 42 U.S.C. § 7410(k)(2), EPA had a mandatory duty to take final

action on the submittal by no later than June 2, 2022. However, EPA has not taken final action

on Colorado's SIP to address Clean Air Act section 182(c). Therefore, EPA is in violation of its

nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

### Pennsylvania—Montour, LLC

43.     Pennsylvania submitted SIP revisions to EPA on March 9, 2020. 86 Fed. Reg.

48908, 48908 (Sept. 1, 2021). The SIP revisions were submitted to establish and require RACT

for nine major sources of volatile organic compounds ("VOC") and/or nitrogen oxides. *Id.* In a

rulemaking on September 1, 2021, EPA approved source specific RACT determinations for

some of the sources. *Id.* However, EPA did not act on all sources. EPA failed to take final action

on the RACT rule requirements for the 1997 and 2008 8-hour ozone NAAQS for the Montour,

LLC facility in Pennsylvania. *Id.* at 48909 fn. 4.

44.     Pursuant to 42 U.S.C. 7410(k)(1)(B), the submittal was deemed administratively

complete by no later than September 9, 2020. Therefore, pursuant to 42 U.S.C. § 7410(k)(2),

EPA had a mandatory duty to take final action on the submittal by no later than September 9,

Colorado Dep't of Pub. Health and Env't (Jun. 1, 2021) (on file with The Center for Biological Diversity).

[8] Completeness Determination Letter from Carl Daly, Acting Director Air and Radiation Division, EPA Region 8 to Garry Kaufman, Division Direction, Air Pollution Control Division Colorado Dep't of Pub. Health and Env't (Jun. 1, 2021) (on file with The Center for Biological Diversity).

[9] *Id.*

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

2021. However, EPA has not taken final action on the RACT requirement for the Montour, LLC facility. Therefore, EPA is in violation of its nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

**B.**   **EPA Violated the Clean Air Act by Failing to Promulgate a FIP for 2008 Ozone NAAQS Nonattainment Areas in California and New Hampshire**

45.   On February 3, 2017, EPA published a final rule which found that fifteen states and the District of Columbia failed to submit SIP "revisions in a timely manner to satisfy certain requirements for the 2008 ozone NAAQS that apply to nonattainment areas." 82 Fed. Reg. 9158, 9158 (Feb. 3, 2017). Further, EPA found, "[t]hese findings of failure to submit establish certain deadlines…for the EPA to promulgate a…FIP to address any outstanding SIP requirements." *Id.*

46.   EPA's finding became effective on March 6, 2017. *Id.* Therefore, no later than March 6, 2019, was the deadline for EPA to fulfill its mandatory duty to promulgate FIPs. *Id.* More than two years have passed, and EPA has not promulgated FIPs for the nonattainment areas in Los Angeles-San Bernardino Counties (West Mojave Desert), California; Sacramento Metro (Sacramento), California; Sacramento Metro (Yolo-Solano), California; and New Hampshire. Therefore, EPA is in violation of its mandatory duties by not promulgating FIPs.

47.   On April 20, 2020, EPA issued a final rule to finalize EPA's limited disapproval of a revision to the Placer County Air Pollution Control District portion of California's SIP. 85 Fed. Reg. 21777, 21777 (Apr. 20, 2020). The revision concerns the area's NSR permitting program for new and modified sources of air pollution under section 110(a)(2)(C) of the Clean Air Act. *Id.* Pursuant to 42 U.S.C. § 7410(c)(1)(A), "the Administrator shall promulgate a Federal implementation plan at any time within 2 years after the Administrator—finds that a State has failed to make a required submission."

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

48.     EPA's limited disapproval became effective on May 20, 2020. *Id.* Therefore, no later than May 20, 2022, was the deadline for EPA to fulfill its mandatory duty to promulgate a FIP. 85 Fed. Reg. 21777, 21777. More than two years have passed since EPA's limited disapproval, and EPA has not promulgated a FIP for the Sacramento (Placer) minor source NSR. Therefore, pursuant to 42 U.S.C. 7410(c)(1)(A), EPA is in violation of its mandatory duties by not promulgating FIPs.

49.     Table 1 lists 2008 ozone NAAQS nonattainment SIP elements which EPA has failed to promulgate FIPs for by the Clean Air Act's statutory deadline.

**Table 1: 2008 Ozone NAAQS SIP Elements for Nonattainment Areas which EPA Failed to Promulgate FIPs for by the Statutory Deadline**

|   | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
| A. | Los Angeles—San Bernardino Counties (West Mojave Desert), California | • NSR for Severe 15 | • 3/6/2019[10] |
| B. | Sacramento Metro (Sacramento), California | • RACT Non-Control Techniques ("CTG") VOC for Major Sources<br>• RACT NOx for Major Sources<br>• RACT VOC CTG Aerospace<br>• RACT VOC CTG Auto and Light-Duty Truck Assembly Coatings (2008)<br>• RACT VOC CTG Bulk Gasoline Plants<br>• RACT VOC CTG Equipment Leaks from Natural Gas/Gasoline Processing Plants<br>• RACT VOC CTG Factory Surface Coating of Flat Wood Paneling<br>• RACT VOC CTG Fiberglass | • 3/6/2019[11] |

---

[10] *See* 82 Fed. Reg. 9158, 9161 (Feb. 3, 2017).
[11] *Id.*

12

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

| | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
| | | Boat Manufacturing Materials (2008) | |
| | | • RACT VOC CTG Flat Wood Paneling Coatings (2006) | |
| | | • RACT VOC CTG Flexible Packaging Printing Materials (2006) | |
| | | • RACT VOC CTG Fugitive Emissions from Synthetic Organic Chemical Polymer and Resin Manufacturing Equipment | |
| | | • RACT VOC CTG Graphic Arts - Rotogravure and Flexography | |
| | | • RACT VOC CTG Industrial Cleaning Solvents (2006) | |
| | | • RACT VOC CTG Large Appliance Coatings (2007) | |
| | | • RACT VOC CTG Large Petroleum Dry Cleaners | |
| | | • RACT VOC CTG Leaks from Gasoline Tank Trucks and Vapor Collection Systems | |
| | | • RACT VOC CTG Leaks from Petroleum Refinery Equipment | |
| | | • RACT VOC CTG Lithographic Printing Materials and Letterpress Printing Materials (2006) | |
| | | • RACT VOC CTG Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins | |
| | | • RACT VOC CTG Manufacture of Pneumatic Rubber Tires | |
| | | • RACT VOC CTG Manufacture of Synthesized Pharmaceutical Products | |
| | | • RACT VOC CTG Metal Furniture Coatings (2007) | |
| | | • RACT VOC CTG Miscellaneous Industrial Adhesives (2008) | |
| | | • RACT VOC CTG Miscellaneous Metal Products Coatings (2008) | |

13

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

| | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
| | | • RACT VOC CTG Paper, Film, and Foil Coatings (2007)<br>• RACT VOC CTG Petroleum Liquid Storage in External Floating Roof Tanks<br>• RACT VOC CTG Refinery Vacuum Producing Systems, Wastewater Separators, and Process Unit Turnarounds<br>• RACT VOC CTG Synthetic Organic Chemical Manufacturing Industry ("SOCMI") Air Oxidation Processes<br>• RACT VOC CTG SOCMI Distillation and Reactor Processes<br>• RACT VOC CTG Shipbuilding/repair<br>• RACT VOC CTG Solvent Metal Cleaning<br>• RACT VOC CTG Stage I Vapor Control Systems—Gasoline Service Stations<br>• RACT VOC CTG Storage of Petroleum Liquids in Fixed Roof Tanks<br>• RACT VOC CTG Surface Coating for Insulation of Magnet Wire<br>• RACT VOC CTG Surface Coating of Automobiles and Light-Duty Trucks<br>• RACT VOC CTG Surface Coating of Cans<br>• RACT VOC CTG Surface Coating of Coils<br>• RACT VOC CTG Surface Coating of Fabrics<br>• RACT VOC CTG Surface Coating of Large Appliances<br>• RACT VOC CTG Surface Coating of Metal Furniture<br>• RACT VOC CTG Surface | |

14

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

| | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
| | | Coating of Miscellaneous Metal Parts and Products<br>• RACT VOC CTG Surface Coating of Paper<br>• RACT VOC CTG Tank Truck Gasoline Loading Terminals<br>• RACT VOC CTG Use of Cutback Asphalt<br>• RACT VOC CTG Wood Furniture | |
| C. | Sacramento Metro (Yolo-Solano), California | • RACT VOC CTG Bulk Gasoline Plants<br>• RACT VOC CTG Fiberglass Boat Manufacturing Materials (2008)<br>• RACT VOC CTG Industrial Cleaning Solvents (2006)<br>• RACT VOC CTG Leaks from Gasoline Tank Trucks and Vapor Collection Systems<br>• RACT VOC CTG Miscellaneous Metal Products Coatings (2008)<br>• RACT VOC CTG Petroleum Liquid Storage in External Floating Roof Tanks<br>• RACT VOC CTG Solvent Metal Cleaning<br>• RACT VOC CTG Stage I Vapor Control Systems—Gasoline Service Stations<br>• RACT VOC CTG Surface Coating of Miscellaneous Metal Parts and Products<br>• RACT VOC CTG Tank Truck Gasoline Loading Terminals<br>• RACT VOC CTG Use of Cutback Asphalt<br>• RACT Non-CTG VOC for Major Sources | • 3/6/2019[12] |

---

[12] *See* 82 Fed. Reg. 9158, 9161 (Feb. 3, 2017).

15

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

|   | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
|   |   | • RACT NOx for Major Sources |   |
| D. | New Hampshire | • Non-CTG VOC RACT for Major Sources | • 3/6/2019[13] |
|   |   | • RACT NOx for Major Sources |   |
|   |   | • RACT VOC CTG Aerospace |   |
|   |   | • RACT VOC CTG Auto and Light-Duty Truck Assembly Coatings (2008) |   |
|   |   | • RACT VOC CTG Bulk Gasoline Plants |   |
|   |   | • RACT VOC CTG Equipment Leaks from Natural Gas/Gasoline Processing Plants |   |
|   |   | • RACT VOC CTG Factory Surface Coating of Flat Wood Paneling |   |
|   |   | • RACT VOC CTG Fiberglass Boat Manufacturing Materials (2008) |   |
|   |   | • RACT VOC CTG Flat Wood Paneling Coatings (2006) |   |
|   |   | • RACT VOC CTG Flexible Packaging Printing Materials (2006) |   |
|   |   | • RACT VOC CTG Fugitive Emissions from Synthetic Organic Chemical Polymer and |   |
|   |   | • Resin Manufacturing Equipment |   |
|   |   | • RACT VOC CTG Graphic Arts—Rotogravure and Flexography |   |
|   |   | • RACT VOC CTG Industrial Cleaning Solvents (2006) |   |
|   |   | • RACT VOC CTG Large Appliance Coatings (2007) |   |
|   |   | • RACT VOC CTG Large Petroleum Dry Cleaners |   |
|   |   | • RACT VOC CTG Leaks from Gasoline Tank Trucks and Vapor |   |

---

[13] *See* 82 Fed. Reg. 9158, 9162.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

| | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
| | | Collection Systems<br>• RACT VOC CTG Leaks from Petroleum Refinery Equipment<br>• RACT VOC CTG Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins<br>• RACT VOC CTG Manufacture of Pneumatic Rubber Tires<br>• RACT VOC CTG Manufacture of Synthesized Pharmaceutical Products<br>• RACT VOC CTG Metal Furniture Coatings (2007)<br>• RACT VOC CTG Miscellaneous Industrial Adhesives (2008)<br>• RACT VOC CTG Miscellaneous Metal Products Coatings (2008)<br>• RACT VOC CTG Paper, Film, and Foil Coatings (2007)<br>• RACT VOC CTG Petroleum Liquid Storage in External Floating Roof Tanks<br>• RACT VOC CTG Plastic Parts Coatings (2008)<br>• RACT VOC CTG Refinery Vacuum Producing Systems, Wastewater Separators, and Process Unit Turnarounds<br>• RACT VOC CTG SOCMI Air Oxidation Processes<br>• RACT VOC CTG SOCMI Distillation and Reactor Processes<br>• RACT VOC CTG Shipbuilding/repair<br>• RACT VOC CTG Solvent Metal Cleaning<br>• RACT VOC CTG Stage I Vapor Control Systems—Gasoline Service Stations<br>• RACT VOC CTG Storage of Petroleum Liquids in Fixed Roof | |

17

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

| | Area, State | SIP Elements | Deadline for EPA to Promulgate FIP |
|---|---|---|---|
| | | Tanks<br>• RACT VOC CTG Surface Coating for Insulation of Magnet Wire<br>• RACT VOC CTG Surface Coating of Automobiles and Light-Duty Trucks<br>• RACT VOC CTG Surface Coating of Cans<br>• RACT VOC CTG Surface Coating of Coils<br>• RACT VOC CTG Surface Coating of Fabrics<br>• RACT VOC CTG Surface Coating of Large Appliances<br>• RACT VOC CTG Surface Coating of Metal Furniture<br>• RACT VOC CTG Surface Coating of Miscellaneous Metal Parts and Product<br>• RACT VOC CTG Surface Coating of Paper<br>• RACT VOC CTG Tank Truck Gasoline Loading Terminals<br>• RACT VOC CTG Use of Cutback Asphalt<br>• RACT VOC CTG Wood Furniture | |
| E. | Placer County, California | • NSR permitting program for new and modified sources of air pollution under section 110(a)(2)(C) of the Clean Air Act[14] | • May 20, 2022 |

---

[14] 85 Fed. Reg. 21777, 21777 (Apr. 20, 2020).

18

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

C.  **EPA Violated the Clean Air Act by Failing to Take Final Action for the 2020 RACT Demonstration for the NAAQS for Ozone in San Diego County, California**

50.     On December 29, 2020, California submitted to EPA the 2020 RACT demonstration for the NAAQS for ozone in San Diego County. 87 Fed. Reg. 33697, 33697 (Jun. 3, 2022). Pursuant to 42 U.S.C. § 7410(k)(1)(B), the submittal was deemed administratively complete by no later than June 29, 2021. Therefore, pursuant to 42 U.S.C. § 7410(k)(2), EPA had a mandatory duty to take final action on the entire submittal by no later than June 29, 2022. EPA took action on four negative declarations, but has not taken final action on the remainder of the 2020 RACT demonstration for the NAAQS for ozone in San Diego County.[15]

51.     Therefore, EPA is in violation of its nondiscretionary duty pursuant to 42 U.S.C. § 7410(k)(2)-(4) for failure to take final action on the 2020 RACT demonstration submittal for San Diego, except for the four negative declarations listed at 87 Federal Register 38666.

---

[15] A negative declaration is a submission by a permitting agency, here California, to EPA in which the agency informs EPA that it does not need to include a specific Clean Air Act requirement in its SIP because it does not have any sources of pollution to which that requirement would apply. EPA must approve the negative declarations. The elements EPA has taken final action on are: Control of Volatile Organic Emissions from Manufacture of Synthesized Pharmaceutical Products (EPA–450/2–78–029); Control Techniques Guidelines for Fiberglass Boat Manufacturing Materials (EPA–453/R–08–004); Control Techniques Guidelines for Miscellaneous Metal and Plastic Parts Coatings (EPA–453/R–08–003); Table 3—Plastic Parts and Products, Table 4—Automotive/Transportation and Business Machine Plastic Parts, Table 5—Pleasure Craft Surface Coating, Table 6—Motor Vehicle Materials. 87 Fed. Reg. 38665, 38666 (Jun. 29, 2022).

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLAIMS FOR RELIEF**

**FIRST CLAIM**

**(Failure to take final action for the 2008 ozone NAAQS nonattainment SIP submittals for nonattainment areas in North Dakota; Ventura County, California; Colorado; and Pennsylvania)**

52.     Plaintiffs incorporate by reference all paragraphs listed above.

53.     It has been more than twelve months since North Dakota's SIP submittal, with amendments to the North Dakota Administrative Code and an Air Pollution Control Article, was deemed administratively complete. However, EPA has not taken final action on the submittal. Accordingly, EPA is in violation of its mandatory duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

54.     It has been more than twelve months since the "Final 2016 Ventura County Air Quality Management Plan" and the "2018 Updates to California State Implementation Plan" were deemed administratively complete. However, EPA has not taken final action on the submittals. Accordingly, EPA is in violation of its mandatory duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

55.     It has been more than twelve months since Colorado's SIP submittal with amendments to Colorado's NSR permitting program and Air Pollution Emission Notices was deemed administratively complete. However, EPA has not taken final action on the submittals. Accordingly, EPA is in violation of its mandatory duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

56.     It has been more than twelve months since Colorado's SIP submittal that addresses Clean Air Act section 182(c) requirements for the Denver Metro/North Front Range nonattainment area under the 2008 ozone NAAQS was deemed complete. However, EPA has not taken final action on the submittals. Accordingly, EPA is in violation of its mandatory duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

20

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

57.     It has been more than twelve months since Pennsylvania submitted RACT rule requirements for the 1997 and 2008 8-hour ozone NAAQS for the Montour, LLC facility in Pennsylvania. However, EPA has not taken final action on the submittals. Accordingly, EPA is in violation of its mandatory duty pursuant to 42 U.S.C. § 7410(k)(2)-(4).

## SECOND CLAIM

**(Failure to promulgate a FIP to address requirements for the 2008 ozone NAAQS that apply to nonattainment areas in California and New Hampshire)**

58.     Plaintiffs incorporate by reference all paragraphs listed above.

59.     It has been more than two years since the effective date of EPA's final rule which found that the states in Table 1 failed to submit SIP element "revisions in a timely manner to satisfy certain requirements for the 2008 ozone NAAQS that apply to nonattainment areas." 82 Fed. Reg. 9158, 9158. Also, it has been more than two years since EPA found, "[t]hese findings of failure to submit establish certain deadlines…for the EPA to promulgate a…FIP to address any outstanding SIP requirements." 82 Fed. Reg. 9158, 9158. Finally, it has been more than two years since EPA issued a final rule to finalize EPA's limited disapproval of a revision to the Placer County Air Pollution Control District portion of the California SIP. 85 Fed. Reg. 21777, 21777.

60.     EPA has not promulgated a FIP to address the SIP elements for the 2008 ozone NAAQS in nonattainment areas in Los Angeles—San Bernardino Counties (West Mojave Desert), California; Sacramento Metro (Sacramento), California; Sacramento Metro (Yolo-Solano), California; New Hampshire; and Placer County, California listed in Table 1. Nor have the States corrected the deficiencies of failure to submit the SIP elements listed in Table 1 and EPA approved the SIP elements submitted to correct the deficiencies of failure to submit the SIP

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

elements listed in Table 1.  Accordingly, EPA is in violation of its mandatory duty under 42

U.S.C. § 7410(c)(1) to promulgate a FIP for the SIP elements listed in Table 1.

### THIRD CLAIM

### (Failure to take final action for the 2020 RACT demonstration for the 2008 ozone NAAQS in San Diego County, California)

61.     Plaintiffs incorporate by reference all paragraphs listed above.

62.     It has been more than two years since California submitted to EPA the 2020

RACT demonstration for the 2008 ozone NAAQS for San Diego County. Therefore, (except for

the four elements discussed) EPA is in violation of its nondiscretionary duty pursuant to 42

U.S.C. § 7410(k)(2)-(4) for failure to take final action on the 2020 RACT demonstration

submittal for San Diego.

### REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1.     Declare that EPA is in violation of the Clean Air Act with regard to its

nondiscretionary duty to perform each mandatory duty listed above;

2.     Issue a mandatory injunction requiring EPA to perform its mandatory duties by

certain dates;

3.     Retain jurisdiction of this matter for purposes of enforcing the Court's order;

4.     Grant Plaintiffs their reasonable costs of litigation, including attorneys' and expert

fees; and

5.     Grant such other relief as the Court deems just and proper.

22

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS

Dated: September 12, 2022

Respectfully submitted,

*/s/ Camilla Getz*
Camilla Getz (CA Bar No. 344130)

CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Cellphone: (208) 901-1990
Email: cgetz@biologicaldiversity.org

Jonathan Evans (CA Bar No. 247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Telephone: (510) 844-7100 x318
Cellphone: (213) 598-1466
Email: jevans@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological*
*Diversity and Center for Environmental Health*

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 22-CV-03309-RS