TODD KIM
Assistant Attorney General
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, N.E.
Suite 4.149
Washington, D.C.  20002
Telephone (202) 514-0375

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant | Case No. 3:22-cv-03309-RS<br><br>**EPA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA"), responds to the numbered allegations of the First Amended Complaint (Dkt. No. 23) ("Complaint") filed by Plaintiffs Center for Biological Diversity and Center for Environmental Health (collectively, "Plaintiffs") as follows:

INTRODUCTION

1.      The allegations set forth in Paragraph 1 constitute Plaintiffs' characterization of this action, to which no response is required.

2.      The allegations set forth in the first sentence of Paragraph 2 characterize a summary of Table 1-1 in EPA, *Integrated Science Assessment for Ozone and Related Photochemical Oxidants*, 1-5 (2013), EPA/600/R-I0/076F, in American Lung Association, *Ozone*, https://www.lung.org/clean-air/outdoors/what-makes-air-unhealthy/ozone (last updated Apr. 20, 2020), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 2 to the extent that they are inconsistent with or otherwise not contained in the plain language of Table 1-1 in the *Integrated Science Assessment for Ozone and Related Photochemical Oxidants* at 1-5 and American Lung Association, *Ozone*. The allegations set forth in the second sentence of Paragraph 2 characterize parts of notices of final rulemaking published at 78 Fed. Reg. 3086, 3088 (Jan. 15, 2013) and 73 Fed. Reg. 16436, 16440 (Mar. 27, 2008) which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in the second sentence of Paragraph 2 to the extent that they are inconsistent with or otherwise not contained in the plain language of 78 Fed. Reg. at 3088 and 73 Fed. Reg. at 16440.

3.      The allegations set forth in the first sentence of Paragraph 3 characterize EPA, *Ecosystem Effects of Ozone Pollution*, https://www.epa.gov/ground-level-ozone-pollution/ecosystem-effects-ozone-pollution (last updated Mar. 8, 2022), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 3 to the extent that they are inconsistent

with or otherwise not contained in the plain language of *Ecosystem Effects of Ozone Pollution*. The allegations set forth in the second sentence of Paragraph 3 characterize *Ecosystem Effects of Ozone Pollution* and *Integrated Science Assessment for Ozone and Related Photochemical Oxidants* at 8-42, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in the second sentence of Paragraph 3 to the extent that they are inconsistent with or otherwise not contained in the plain language of *Ecosystem Effects of Ozone Pollution* and *Integrated Science Assessment for Ozone and Related Photochemical Oxidants* at 8-42. The allegations set forth in the third sentence of Paragraph 3 characterize 73 Fed. Reg. at 16486, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the third sentence of Paragraph 3 to the extent that they are inconsistent with or otherwise not contained in the plain language of 73 Fed. Reg. at 16486.

4.      The allegations set forth in Paragraph 4 characterize 73 Fed. Reg. at 16486 and University California Davis, *Biological Carbon Sequestration*, https://climatechange.ucdavis.edu/science/carbon-sequestration/biological/ (last updated Nov. 5, 2021), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 4 to the extent that they are inconsistent with or otherwise not contained in the plain language of 73 Fed. Reg. at 16486 and *Biological Carbon Sequestration*.

5.      The allegations set forth in Paragraph 5 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, EPA denies the allegations.

JURISDICTION

6.      The allegations set forth in the first sentence of Paragraph 6 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 6. The allegations set forth in the second sentence of Paragraph 6 constitute conclusions of law, to which no response is required.

7.    The allegations set forth in the first sentence of Paragraph 7 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 7. The allegations set forth in the second sentence of Paragraph 7 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in the second sentence of Paragraph 7.

8.    The allegations set forth in Paragraph 8 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations.

NOTICE

9.    Regarding the allegations set forth in Paragraph 9, EPA admits that Plaintiffs provided EPA with written notice of intent to sue with regard to the allegations presented in the Complaint (Dkt. No. 23) on or about February 10, 2021.

10.    Regarding the allegations set forth in Paragraph 10, EPA admits that Plaintiffs provided EPA with written notice of intent to sue with regard to the allegations presented in the Amended Complaint (Dkt. No. 23) on or about July 5, 2022.

11.    EPA admits that more than 60 days have passed since EPA received each of the notice letters described in Paragraphs 9 and 10. The allegations set forth in the second and third sentences of Paragraph 11 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in the second and third sentences of Paragraph 11.

VENUE

12.    The allegations set forth in the first sentence of Paragraph 12 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that EPA Region IX's principal office is located in San Francisco, California, *see* 40 C.F.R. § 1.7(b)(9), but denies all remaining allegations. The allegations set forth in the second sentence of Paragraph 12 constitute Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in the second sentence of Paragraph 12. With respect to the allegations set forth in the

third sentence of Paragraph 12, Defendant admits that EPA Region IX's principal office is located in San Francisco, California, *see* 40 C.F.R. § 1.7(b)(9), and that California is one of the states served by the Region IX office. EPA denies the allegations set forth in the fourth sentence of Paragraph 12. The allegations set forth in the fifth sentence of Paragraph 12 constitute of conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the sixth sentence of Paragraph 12 and therefore denies the allegations. The allegations set forth in the seventh sentence of Paragraph 12 constitute of conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegation set forth in the sixth sentence of Paragraph 12.

INTRADISTRICT ASSIGNMENT

13.     The allegations set forth in Paragraph 13 constitute of conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations.

PARTIES

14.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and therefore denies the allegations.

15.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 and therefore denies the allegations.

16.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and therefore denies the allegations.

17.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and therefore denies the allegations.

18.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and therefore denies the allegations.

19.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 and therefore denies the allegations.

20.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 and therefore denies the allegations.

21.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore denies the allegations.

22.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore denies the allegations.

23.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and therefore denies the allegations.

24.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and therefore denies the allegations.

25.      EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 and therefore denies the allegations.

26.     The allegations set forth in the first sentence of Paragraph 26 constitute Plaintiffs' characterization of the action to which no response is required. To the extent a response is required, EPA admits that Michael S. Regan is the Administrator of EPA, but denies the remaining allegations. The allegations set forth in the second sentence of Paragraph 26 constitute Plaintiffs' characterization of the EPA Administrator's duties under the Clean Air Act, which speaks for itself and is the best evidence of its contents. To the extent a response is required, EPA denies the allegations set forth in the second sentence of Paragraph 26 to the extent that they are inconsistent with or otherwise not contained in the plain language of the Clean Air Act.

27.     EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 and therefore denies the allegations.

STATUTORY FRAMEWORK

28.     The allegations set forth in Paragraph 28 characterize H.R. Rep. No. 1146, 91st Cong., 2d Sess. 1, 1970 U.S. Code Cong. & Admin. News 5356, 5356, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 28 to the extent that they are inconsistent with or otherwise not contained in the plain language of 1970 U.S. Code Cong. & Admin. News at 5356.

29.     The allegations set forth in Paragraph 29 characterize 42 U.S.C. § 7408(a)(1)(A), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 29 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7408(a)(1)(A).

30.     The allegations set forth in Paragraph 30 characterize 42 U.S.C. §§ 7409(a)(1)(A) and 7409(b)(1)-(2), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 30 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7409(a)(1)(A) and 7409(b)(1)-(2).

31.     The allegations set forth in Paragraph 31 characterize 42 U.S.C. § 7407(d)(1)(A), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 31 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7407(d)(1)(A).

32.     The allegations set forth in Paragraph 32 characterize 42 U.S.C. § 7410(a)(1), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 32 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7410(a)(1).

33.     The allegations set forth in Paragraph 33 characterize 42 U.S.C. § 7410(k)(1)(B), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 33 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7410(k)(1)(B).

34.     The allegations set forth in Paragraph 34 characterize 42 U.S.C. §§ 7410(k)(2)-(3), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 34 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7410(k)(2)-(3).

35.     The allegations set forth in Paragraph 35 characterize 42 U.S.C. § 7410(c), which speaks for itself and is the best evidence of its contents. To the extent that a response is

required, EPA denies the allegations set forth in Paragraph 35 to the extent that they are

inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7410(c).

FACTUAL BACKGROUND

A.   EPA Violated the Clean Air Act by Failing to Take Final Action for the 2008 Ozone
     NAAQS Nonattainment SIP Submittal for Nonattainment Areas

**North Dakota**

36.   The allegations set forth in the first sentence of Paragraph 36 characterize 86 Fed. Reg. 41413, 41414 (Aug 2, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 36 to the extent that they are inconsistent with or otherwise not contained in the plain language of 86 Fed. Reg. at 41414. The allegations set forth in the second and fifth sentences of Paragraph 36 characterize 42 U.S.C. § 7410(k)(1)(B) and 42 U.S.C. § 7410(k)(2)-(4), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in the second and fifth sentences of Paragraph 36 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7410(k)(1)(B) and 42 U.S.C. § 7410(k)(2)-(4). The allegations set forth in the third sentence of Paragraph 36 constitute of conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has failed to take final action on a state implementation plan ("SIP") submission from North Dakota on or about August 3, 2020 containing amendments to North Dakota Administrative Code, Article 33.1-15 (Air Pollution Control), chapters numbered from 33.1-15-01 through 33.1-15-21, but denies the remaining allegations as stated in the third sentence of Paragraph 36. With respect to the allegations set forth in the fourth sentence of Paragraph 36, EPA admits that it has failed to take final action on a SIP submission from North Dakota on or about August 3, 2020 containing amendments to North Dakota Administrative Code, Article 33.1-15 (Air Pollution Control), chapters numbered from 33.1-15-01 through 33.1-15-21, but denies the remaining allegations as stated in the fourth sentence of Paragraph 36.

**Ventura County, California**

37.     The allegations set forth in Paragraph 37 characterize 87 Fed. Reg. 24060, 24060-24061 (Apr. 22, 2022) and 85 Fed. Reg. 11814, 11814 (Feb. 27, 2020), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 37 to the extent that they are inconsistent with or otherwise not contained in the plain language of 87 Fed. Reg. at 24060–24061 and 85 Fed. Reg. at 11814.

38.     The allegations set forth in the first sentence of Paragraph 38 characterize a notice of final rulemaking published at 84 Fed. Reg. 70109, 70112 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 38 to the extent that they are inconsistent with or otherwise not contained in the plain language of 84 Fed. Reg. at 70112. The allegations set forth in the second and third sentences of Paragraph 38 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that the submittal became complete by operation of law on or about October 11, 2017 and that EPA has not taken final action on SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS, but denies the remaining allegations set forth in the second and third sentences of Paragraph 38. With respect to the allegations set forth in the fourth sentence of Paragraph 38, EPA admits that it has not taken final action on SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS, but denies the remaining allegations as stated in the fourth sentence of Paragraph 38. The allegations set forth in the fifth sentence of Paragraph 38 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has not taken final action on SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS, but denies the remaining allegations as stated in the fifth sentence of Paragraph 38.

39.     The allegations set forth in the first sentence of Paragraph 39 characterize 84 Fed. Reg. at 70112, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 39 to the extent that they are inconsistent with or otherwise not contained in the plain language of 84 Fed. Reg. at 70112. The allegations set forth in the second and third sentences of Paragraph 39 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS were deemed complete on or about June 5, 2019 by operation of law and that it has not taken final action on SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS, but denies the remaining allegations as stated in the fifth sentence of Paragraph 39. With respect to the allegations set forth in the fourth sentence of Paragraph 39, EPA admits that it has not taken final action on SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS, but denies the remaining allegations as stated in the fourth sentence of Paragraph 39. The allegations set forth in the fifth sentence of Paragraph 39 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has not taken final action on SIP submittals identified in 84 Fed. Reg. at 70109 addressing the contingency measures elements for Ventura County, California, for the 2008 ozone NAAQS, but denies the remaining allegations as stated in the fifth sentence of Paragraph 39.

**Colorado—New Source Review ("NSR") and Air Pollution Emission Notices**

40. The allegations set forth in the first and second sentences of Paragraph 40 characterize 87 Fed. Reg. 16439, 16439 (Mar. 23, 2022), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first and second sentences of Paragraph 40 to the extent that they are inconsistent with or otherwise not contained in the plain language of 87 Fed. Reg. at 16439. The allegations in the third, fourth, and sixth sentences of Paragraph 40 constitute conclusions of law, to which

no response is required.  To the extent a response is required, EPA admits that the SIP submittals identified in 87 Fed. Reg. 16439 were deemed complete by operation of law on or about November 13, 2020 and that EPA has not taken final action on the SIP submittals identified in 87 Fed. Reg. 16439, but denies the remaining allegations set forth in the third, fourth, and sixth sentences of Paragraph 40. With respect to the allegations set forth in the fifth sentence of Paragraph 40, EPA admits that it has not taken final action on the SIP submittals identified in 87 Fed. Reg. 16439.

**Colorado—Section 182(c) Requirements**

41. EPA admits the allegations set forth in the first two sentences of Paragraph 41. The third sentence of Paragraph 41 characterizes a letter from Carl Daly, Acting Director Air and Radiation Division, EPA Region 8 to Garry Kaufman, Division Direction, Air Pollution Control Division Colorado Dep't of Pub. Health and Env't (Jun. 2, 2021) ("Completeness Determination"), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first and second sentences of Paragraph 41 to the extent that they are inconsistent with or otherwise not contained in the plain language of the Completeness Determination.

42. The allegations set forth in the first and third sentences of Paragraph 42 constitute conclusions of law, to which no response is required. The extent a response is required, EPA admits that it has not taken final action on the SIP submittals identified in 87 Fed. Reg. 16439, but denies the remaining allegations set forth in the first and second sentences of Paragraph 42. With respect to the allegations set forth in the second sentence of Paragraph 42, EPA admits that it has not taken final action on the SIP submittals identified in 87 Fed. Reg. 16439.

**Pennsylvania—Montour, LLC**

43. The allegations set forth in Paragraph 43 characterize 86 Fed. Reg. 48908, 48908-48909 (Sept. 1, 2021), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 43 to the extent that they are inconsistent with or otherwise not contained in the plain language of 86 Fed. Reg. at 48908-48909.

44.      The allegations set forth in the first and second sentences of Paragraph 44 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that the SIP submittal identified in 86 Fed. Reg. 48908 was deemed complete by operation of law on or about September 9, 2020, but denies the remaining allegations as set forth in the first and second sentences of Paragraph 44. EPA admits that it has not taken final action on the SIP submittal identified in 86 Fed. Reg. 48908. The allegations set forth in the fourth sentence of Paragraph 44 constitute conclusions of law, to which no response is required. The extent a response is required, EPA denies the allegation set forth in the fourth sentence of Paragraph 44.

B.      EPA Violated the Clean Air Act by Failing to Promulgate a FIP for 2008 Ozone NAAQS Nonattainment Areas in California and New Hampshire

45.      The allegations set forth in Paragraph 45 characterize *Final Rule*, 82 Fed. Reg. 9158, 9158 (Feb. 3, 2017), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 45 to the extent that they are inconsistent with or otherwise not contained in the plain language of 82 Fed. Reg. at 9158.

46.      The allegations set forth in the first and second sentences of Paragraph 46 characterize 82 Fed. Reg. at 9158, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first and second sentences of Paragraph 46 to the extent that they are inconsistent with or otherwise not contained in the plain language of 82 Fed. Reg. at 9158. With respect to the allegations set forth in the third sentence of Paragraph 46, EPA admits that it has not promulgated a Federal implementation plan ("FIP") addressing the nonattainment elements identified in 82 Fed. Reg. 9158 for the following nonattainment areas and districts, and state within the ozone transport region ("OTR"), for the 2008 ozone NAAQS: Los Angeles-San Bernardino Counties (West Mojave Desert), California nonattainment area (Mojave Desert Air Quality Management District), *see* 82 Fed. Reg. at 9161; Sacramento Metro, California nonattainment area (Sacramento Metropolitan Air Quality Management District), *see id.*; and

Sacramento Metro, California nonattainment area (Yolo-Solano Air Quality Management District), *see id.*; or New Hampshire because the entire state is in the OTR), *see id.*, but denies the remaining allegations set forth in the third sentence of Paragraph 46. The allegations set forth in the fourth sentence of Paragraph 46 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has not promulgated a FIP addressing the nonattainment elements identified in 82 Fed. Reg. 9158 for the following nonattainment areas and districts, and state within the OTR, for the 2008 ozone NAAQS: Los Angeles-San Bernardino Counties (West Mojave Desert), California nonattainment area (Mojave Desert Air Quality Management District), *see* 82 Fed. Reg. at 9161; Sacramento Metro, California nonattainment area (Sacramento Metropolitan Air Quality Management District), *see id.*; and Sacramento Metro, California nonattainment area (Yolo-Solano Air Quality Management District), *see id.*; or  New Hampshire   because the entire state is in the OTR), *see id.*, but denies the remaining allegations set forth in the fourth sentence of Paragraph 46.

47. The allegations set forth in the first and second sentences of Paragraph 47 characterize notices of final rulemaking published at 85 Fed. Reg. 21777, 21777 (Apr. 20, 2020), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first and second sentences of Paragraph 47 to the extent that they are inconsistent with or otherwise not contained in the plain language of 85 Fed. Reg. at 21777. The allegations set forth in the third sentence of Paragraph 47 characterize 42 U.S.C. § 7410(c)(1)(A), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the third sentence of Paragraph 47 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7410(c)(1)(A).

48. The allegations set forth in the first and second sentences of Paragraph 48 characterize 85 Fed. Reg. at 21777, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first and second sentences of Paragraph 48 to the extent that they are inconsistent with or

otherwise not contained in the plain language of 85 Fed. Reg. at 21777. With respect to the allegations set forth in the third sentence of Paragraph 48, EPA admits that it has admits that it has been more than two years since EPA published the notice of final rulemaking at 85 Fed. Reg. 21777 and that EPA has not promulgated a FIP addressing minor source NSR requirements for Placer County, California. The allegations set forth in the fourth sentence of Paragraph 48 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has admits that it has been more than two years since EPA published the notice of final rulemaking at 85 Fed. Reg. 21777 and that EPA has not promulgated a FIP addressing minor source NSR requirements for Placer County, California and denies the remaining allegations set forth in the fourth sentence of Paragraph 48.

49.     The allegations set forth in Paragraph 49 and the fourth column of Table 1 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has not issued a FIP or FIPs or taken final action approving SIP submittals addressing the SIP elements or implementing reasonably available control technology ("RACT") for the categories of sources or control techniques guideline ("CTG") documents for the 2008 ozone NAAQS for the nonattainment areas and/or districts, or state in the OTR in EPA Table A below, but denies the remaining allegations set forth in the first sentence of Paragraph 49. With respect to the allegations set forth in the second and third columns of Table 1, EPA admits that it has not issued a FIP or FIPs or taken final action approving SIP submittals addressing the following SIP elements or implementing RACT for the following categories of sources or CTG documents for the 2008 ozone NAAQS for the following nonattainment areas or state in the OTR, but denies the remaining allegation set forth in the second and third columns of Table 1:

**EPA Table A**

A.      Los Angeles—San Bernardino Counties (West Mojave Desert), California nonattainment area (codified at 40 C.F.R. § 81.305)

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| i. | Nonattainment new source review pursuant to 42 U.S.C. §§ 7511a(a)(2)(C) and 7511a(d) ("Severe NNSR") |

**EPA Table B**

B.      Sacramento Metro (Sacramento), California nonattainment area (codified at 40 C.F.R. § 81.305)

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| i. | RACT Non-CTG VOC for Major Sources pursuant to 42 U.S.C. § 7511a(b)(2)(C) ("RACT Non-CTG VOC for Major Sources") |
| ii. | RACT NOx for Major Sources pursuant to 42 U.S.C. § 7511a(f) ("RACT NOx for Major Sources") |
| iii. | Control of Volatile Organic Compound Emissions from Coating Operations at Aerospace Manufacturing and Rework Operations, EPA-453/R-97-004 (Dec. 1997) pursuant to 42 U.S.C. § 7511a(b)(2) ("Aerospace") |
| iv. | Control Techniques Guidelines for Automobile and Light-Duty Truck Assembly Coatings, EPA 453/R-08-006 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) ("Automobile & Light Duty Truck Assembly Coatings") |
| v. | Control of Volatile Organic Emissions from Bulk Gasoline Plants, EPA-450/2-77-035 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Bulk Gasoline Plant CTG") |
| vi. | Control of Volatile Organic Compound Equipment Leaks from Natural Gas/Gasoline Processing Plants, EPA-450/3-83-007 (Dec. 1983) pursuant to 42 U.S.C. § 7511a(b)(2) ("Equipment Leaks from Natural Gas/Gasoline Processing Plants") |
| vii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VII: Factory Surface Coating of Flat Wood Paneling, EPA-450/2-78-032 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Factory Surface Coating of Flat Wood Paneling") |
| viii. | Control Techniques Guidelines for Fiberglass Boat Manufacturing Materials, EPA 453/R-08-004 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) ("Fiberglass Boat Manufacturing Materials") |
| ix. | Control Techniques Guidelines for Flat Wood Paneling Coatings, EPA-453/R-06-004 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) ("Flat Wood Paneling Coatings") |
| x. | Control Techniques Guidelines for Flexible Package Printing, EPA-453/R-06-003 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) ("Flexible Package Printing") |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|------|----------------------------------------------------------------------------------------------------|
| xi. | Control of Volatile Organic Compound Leaks from Synthetic Organic Chemical Polymer and Resin Manufacturing Equipment, EPA-450/3-83-006 (Mar. 1984) pursuant to 42 U.S.C. § 7511a(b)(2) ("Synthetic Organic Chemical Polymer and Resin Manufacturing Equipment") |
| xii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VIII: Graphic Arts-Rotogravure and Flexography, EPA-450/2-78-033 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Graphic Arts-Rotogravure and Flexography") |
| xiii. | Control Techniques Guidelines for Industrial Cleaning Solvents, EPA-453/R-06-001 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) ("Industrial Cleaning Solvents") |
| xiv. | Control Techniques Guidelines for Large Appliance Coatings, EPA-453/R-07-004 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) ("Large Appliance Coatings") |
| xv. | Control of Volatile Organic Compound Emissions from Large Petroleum Dry Cleaners, EPA-450/3-82-009 (Sept. 1982) pursuant to 42 U.S.C. § 7511a(b)(2) ("Large Petroleum Dry Cleaners") |
| xvi. | Control of Volatile Organic Compound Leaks from Gasoline Tank Trucks and Vapor Collection Systems, EPA-450/2-78-051 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Leaks from Gasoline Tank Trucks and Vapor Collection Systems") |
| xvii. | Control of Volatile Organic Compound Leaks from Petroleum Refinery Equipment, EPA-450/2-78-036 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Leaks from Petroleum Refinery Equipment") |
| xviii. | Control Techniques Guidelines for Offset Lithographic Printing and Letterpress Printing, EPA-453/R-06-002 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) ("Offset Lithographic Printing and Letterpress Printing") |
| xix. | Control of Volatile Organic Compound Emissions from Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins, EPA-450/3-83-008 (Nov. 1983) pursuant to 42 U.S.C. § 7511a(b)(2) ("Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins") |
| xx. | Control of Volatile Organic Emissions from Manufacture of Pneumatic Rubber Tires, EPA-450/2-78-030 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Manufacture of Pneumatic Rubber Tires") |
| xxi. | Control of Volatile Organic Emissions from Manufacture of Synthesized Pharmaceutical Products, EPA-450/2-78-029 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Manufacture of Synthesized Pharmaceutical Products") |
| xxii. | Control Techniques Guidelines for Metal Furniture Coatings, EPA 453/R-07-005 (Sept. 2007) pursuant to 42 U.S.C. § § 7511a(b)(2) ("Metal Furniture Coatings") |
| xxiii. | Control Techniques Guidelines for Miscellaneous Industrial Adhesives, EPA 453/R-08-005 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) ("Miscellaneous Industrial Adhesives") |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| xxiv. | Control Techniques Guidelines for Miscellaneous Metal and Plastic Parts Coatings, EPA 453/R-08-003 (Sept. 2008)[1] pursuant to 42 U.S.C. § 7511a(b)(2) ("Miscellaneous Metal and Plastic Parts Coatings") |
| xxv. | Control Techniques Guidelines for Paper, Film, and Foil Coatings, EPA 453/R-07-003 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) ("Paper, Film, and Foil Coatings") |
| xxvi. | Control of Volatile Organic Emissions from Petroleum Liquid Storage in External Floating Roof Tanks, EPA-450/2-78-047 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Petroleum Liquid Storage in External Floating Roof Tanks") |
| xxvii. | Control of Refinery Vacuum Producing Systems, Wastewater Separators, and Process Unit Turnarounds, EPA-450/2-77-025 (Oct. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Refinery Vacuum Producing Systems, Wastewater Separators, and Process Unit Turnarounds") |
| xxviii. | Control of Volatile Organic Compound Emissions from Air Oxidation Processes in Synthetic Organic Chemical Manufacturing Industry ("SOCMI"), EPA-450/3-84-015 (Dec. 1984) pursuant to 42 U.S.C. § 7511a(b)(2) ("Air Oxidation Processes in SOCMI") |
| xxix. | Control of Volatile Organic Compound Emissions from Reactor Processes and Distillation Operations in SOCMI, EPA-450/4-91-031 (Aug. 1993) pursuant to 42 U.S.C. § 7511a(b)(2) ("Reactor Processes and Distillation Operations in SOCMI") |
| xxx. | Control Techniques Guidelines for Shipbuilding and Ship Repair Operations (Surface Coating), 61 Fed. Reg.44,050 (Aug. 27, 1996) pursuant to 42 U.S.C. § 7511a(b)(2); *see also* EPA-453/R-94-032 ("Shipbuilding and Ship Repair Operations (Surface Coating)") |
| xxxi. | Control of Volatile Organic Emissions from Solvent Metal Cleaning, EPA-450/2-77-022 (Nov. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Solvent Metal Cleaning") |
| xxxii. | Design Criteria for Stage I Vapor Control Systems – Gasoline Service Stations, EPA-450/R-75-102 (Nov. 1975)[2] pursuant to 42 U.S.C. § 7511a(b)(2) ("Stage I Vapor Control Systems – Gasoline Service Stations") |
| xxxiii. | Control of Volatile Organic Emissions from Storage of Petroleum Liquids in Fixed-Roof Tanks, EPA-450/2-77-036 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Storage of Petroleum Liquids in Fixed-Roof Tanks") |
| xxxiv. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume |

---

[1] The First Amended Complaint refers to two separate CTGs, "RACT VOC CTG Miscellaneous Metal Products Coatings (2008)," and "RACT VOC CTG Plastic Parts Coatings (2008)." First Amended Complaint, tbl. 1. These requirements are contained in a single CTG document.

[2] This document is regarded as a CTG although it was never published with an EPA document number.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| | IV: Surface Coating for Insulation of Magnet Wire, EPA-450/2-77-033 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Existing Stationary Sources – Volume IV: Surface Coating for Insulation of Magnet Wire") |
| xxxv. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume II: Surface Coating of Cans, Coils, Paper, Fabrics, Automobiles, and Light-Duty Trucks, EPA-450/2-77-008 (May 1977)[3] pursuant to 42 U.S.C. § 7511a(b)(2) ("Existing Stationary Sources – Volume II: Surface Coating of Cans, Coils, Paper, Fabrics, Automobiles, and Light-Duty Trucks") |
| xxxvi. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume V: Surface Coating of Large Appliances, EPA-450/2-77-034 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Existing Stationary Sources – Volume V: Surface Coating of Large Appliances") |
| xxxvii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume III: Surface Coating of Metal Furniture, EPA-450/2-77-032 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Existing Stationary Sources – Volume III: Surface Coating of Metal Furniture") |
| xxxviii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VI: Surface Coating of Miscellaneous Metal Parts and Products, EPA-450/2-78-015 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) ("Existing Stationary Sources – Volume VI: Surface Coating of Miscellaneous Metal Parts and Products") |
| xxxix. | Control of Hydrocarbons from Tank Truck Gasoline Loading Terminals, EPA-450/2-77-026 (Oct. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Tank Truck Gasoline Loading Terminals") |
| xl. | Control of Volatile Organic Emissions from Use of Cutback Asphalt, EPA-450/2-77-037 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) ("Cutback Asphalt") |
| xli. | Control of Volatile Organic Compound Emissions from Wood Furniture Manufacturing Operations, EPA-453/R-96-007 (Apr. 1996) pursuant to 42 U.S.C. § 7511a(b)(2) ("Wood Furniture Manufacturing Operations") |

**EPA Table C**

C.      Sacramento Metro (Yolo-Solano), California nonattainment area (codified at 40 C.F.R. § 81.305)

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| i. | RACT Non-CTG VOC for Major Sources |

---

[3] *See* n.1.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|------|------------------------------------------------------------------------------------------------|
| ii. | RACT NOx for Major Sources |
| iii. | Bulk Gasoline Plants |
| iv. | Fiberglass Boat Manufacturing Materials |
| v. | Industrial Cleaning Solvents |
| vi. | Leaks from Gasoline Tank Trucks and Vapor Collection Systems |
| vii. | Petroleum Liquid Storage in External Floating Roof Tanks |
| viii. | Solvent Metal Cleaning |
| ix. | Stage I Vapor Control Systems – Gasoline Service Stations |
| x. | Miscellaneous Metal and Plastic Parts Coatings |
| xi. | Existing Stationary Sources – Volume IV: Surface Coating for Insulation of Magnet Wire |
| xii. | Existing Stationary Sources – Volume II: Surface Coating of Cans, Coils, Paper, Fabrics, Automobiles, and Light-Duty Trucks |
| xiii. | Existing Stationary Sources – Volume V: Surface Coating of Large Appliances |
| xiv. | Existing Stationary Sources – Volume VI: Surface Coating of Miscellaneous Metal Parts and Products |
| xv. | Tank Truck Gasoline Loading Terminals |
| xvi. | Cutback Asphalt |

**EPA Table D**

D.     New Hampshire portion of the OTR:

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|------|------------------------------------------------------------------------------------------------|
| i. | RACT Non-CTG VOC for Major Sources |
| ii. | RACT NOx for Major Sources |
| iii. | Aerospace Manufacturing and Rework Operations |
| iv. | Automobile and Light-Duty Truck Assembly Coatings |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| v. | Bulk Gasoline Plants |
| vi. | Equipment Leaks from Natural Gas/Gasoline Processing Plants |
| vii. | Existing Stationary Sources – Volume VII: Factory Surface Coating of Flat Wood Paneling |
| viii. | Fiberglass Boat Manufacturing Materials |
| ix. | Flat Wood Paneling Coatings |
| x. | Flexible Package Printing |
| xi. | Leaks from Synthetic Organic Chemical Polymer and Resin Manufacturing Equipment |
| xii. | Existing Stationary Sources – Volume VIII: Graphic Arts-Rotogravure and Flexography |
| xiii. | Industrial Cleaning Solvents |
| xiv. | Large Appliance Coatings |
| xv. | Large Petroleum Dry Cleaners |
| xvi. | Leaks from Gasoline Tank Trucks and Vapor Collection Systems |
| xvii. | Leaks from Petroleum Refinery Equipment |
| xviii. | Offset Lithographic Printing and Letterpress Printing |
| xix. | Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins |
| xx. | Manufacture of Pneumatic Rubber Tires |
| xxi. | Manufacture of Synthesized Pharmaceutical Products |
| xxii. | Metal Furniture Coatings |
| xxiii. | Miscellaneous Industrial Adhesives |
| xxiv. | Miscellaneous Metal and Plastic Parts Coatings |
| xxv. | Paper, Film, and Foil Coatings |
| xxvi. | Petroleum Liquid Storage in External Floating Roof Tanks |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| xxvii. | Refinery Vacuum Producing Systems, Wastewater Separators, and Process Unit Turnarounds |
| xxviii. | Air Oxidation Processes in SOCMI |
| xxix. | Reactor Processes and Distillation Operations in SOCMI |
| xxx. | Shipbuilding and Ship Repair Operations (Surface Coating) |
| xxxi. | Solvent Metal Cleaning |
| xxxii. | Stage I Vapor Control Systems – Gasoline Service Stations |
| xxxiii. | Storage of Petroleum Liquids in Fixed-Roof Tanks |
| xxxiv. | Existing Stationary Sources – Volume IV: Surface Coating for Insulation of Magnet Wire |
| xxxv. | Existing Stationary Sources – Volume II: Surface Coating of Cans, Coils, Paper, Fabrics, Automobiles, and Light-Duty Trucks |
| xxxvi. | Existing Stationary Sources – Volume V: Surface Coating of Large Appliances |
| xxxvii. | Existing Stationary Sources – Volume III: Surface Coating of Metal Furniture |
| xxxviii. | Existing Stationary Sources – Volume VI: Surface Coating of Miscellaneous Metal Parts and Products |
| xxxix. | Tank Truck Gasoline Loading Terminals |
| xl. | Cutback Asphalt |
| xli. | Wood Furniture Manufacturing Operations |

## EPA Table E

E.      Placer County Air Pollution Control District

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline |
|---|---|
| i. | NSR permitting program for new and modified sources of air pollution pursuant to section 110(a)(2)(C) of the Clean Air Act |

50.     The allegations set forth in the first sentence of Paragraph 50 characterize a notice of final rulemaking published at 87 Fed. Reg. 33697, 33697 (June 3, 2022) which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 50 to the extent that they are inconsistent with or otherwise not contained in the plain language of 84 Fed. Reg. at 70112. The allegations set forth in the second and third sentences of Paragraph 50 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that the 2020 RACT demonstration identified in 87 Fed. Reg. 33697 was deemed complete by operation of law on or about June 29, 2021 and that EPA has not taken final action on the 2020 RACT demonstration submittal for San Diego, except for the three negative declarations listed at 87 Fed. Reg. at 38666 and one negative declaration listed at 87 FR at 33697, but denies the remaining allegations set forth in the second and third sentences of Paragraph 50. With respect to the allegations set forth in the fourth sentence of Paragraph 50, EPA admits that it has not taken final action on the 2020 RACT demonstration submittal for San Diego, except for the three negative declarations listed at 87 Fed. Reg. at 38666 and one negative declaration listed at 87 FR at 33697.

51.     The allegations set forth in the fifth sentence of Paragraph 51 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA admits that it has not taken final action on the 2020 RACT demonstration submittal for San Diego, except for the four negative declarations listed at 87 Fed. Reg. at 38666, but denies the remaining allegation set forth in Paragraph 51.

CLAIM FOR RELIEF

FIRST CLAIM

(Failure to take final action for the 2008 ozone NAAQS nonattainment SIP submittals for nonattainment areas in North Dakota; Ventura County, California; Colorado; and Pennsylvania)

52.     EPA restates its responses to Paragraphs 1-51 above.

53.     The allegations set forth in Paragraph 35 characterize 82 Fed. Reg. at 9158, which speaks for itself and is the best evidence of its contents. To the extent that a response is

1   required, EPA denies the allegations set forth in Paragraph 35 to the extent that they are

2   inconsistent with or otherwise not contained in the plain language of 82 Fed. Reg. at 9158 and

3   EPA admits that it has been more than two years since the effective date of the final rule, 82

4   Fed. Reg. 9158.

5       54.     With respect to the allegations in the first sentence of Paragraph 54, EPA admits

6   it has been more than twelve months since the submittals identified in 84 Fed. Reg. at 70109

7   and 84 Fed. Reg. at 70112 were deemed administratively complete. With respect to the second

8   sentence of Paragraph 54, the EPA admits that EPA has not taken final action on the

9   contingency measures elements of these submittals, but denies the remaining allegations set

10  forth in the second sentence of Paragraph 54. The allegations set forth in the third sentence of

11  Paragraph 54 constitute a conclusion of law, to which no response is required. To the extent a

12  response is required, EPA admits that EPA has not taken final action on the contingency

13  measures elements of these submittals, but denies the remaining allegations set forth in the third

14  sentence of Paragraph 54.

15      55.     To the extent the allegations set forth in the first sentence of Paragraph 55

16  constitute a conclusion of law, no response is required. To the extent a response is required,

17  EPA admits that it has been more than twelve months since November 13, 2020. With respect to

18  the second sentence of Paragraph 55, EPA admits that it has not yet taken final action on the

19  SIP submittals identified in 87 Fed. Reg. 16439. The allegation in the third sentence of

20  Paragraph 55 constitutes a conclusion of law, to which no response is required. To the extent a

21  response is required, EPA admits that it has not yet taken final action on the SIP submittals

22  identified in 87 Fed. Reg. 16439, but denies the remaining allegations set forth in Paragraph 55.

23      56.     To the extent the allegations set forth in the first sentence of Paragraph 56

24  constitute a conclusion of law, no response is required. To the extent a response is required,

25  EPA admits that it has been more than twelve months since June 2, 2021. With respect to the

26  second sentence of Paragraph 56, EPA admits that it has not yet taken final action on the State

27  of Colorado's March 22, 2021 SIP submittal addressing Clean Air Act section 182(c)

28  requirements for the Denver Metro/North Front Range Serious nonattainment area under the

2008 ozone NAAQS and subject to the Completeness Determination. The allegation in the third sentence of Paragraph 56 constitutes a conclusion of law, to which no response is required. To the extent a response is required EPA admits that it has not yet taken final action on the State of Colorado's March 22, 2021 SIP submittal addressing Clean Air Act section 182(c) requirements for the Denver Metro/North Front Range Serious nonattainment area under the 2008 ozone NAAQS and subject to the Completeness Determination.

57.     With respect to the allegations set forth in the first sentence of Paragraph 57, EPA admits it has been more than twelve months since Pennsylvania submitted the Montour, LLC facility RACT SIP revisions identified in *Final Rule*, 86 Fed. Reg. at 48908-48909. As to the allegations set forth in the second sentence of Paragraph 57, EPA admits that it has not taken final action on the Montour, LLC facility RACT SIP revisions identified in *Final Rule*, 86 Fed. Reg. at 48908-48909. The allegations set forth in the third sentence of Paragraph 54 constitute a conclusion of law, to which no response is required. To the extent a response is required, EPA denies the allegation set forth in the third sentence of Paragraph 57.

SECOND CLAIM

(Failure to promulgate a FIP to address requirements for the 2008 ozone NAAQS that apply to nonattainment and other areas in California and to New Hampshire)

58.     EPA restates its responses to Paragraphs 1-57 above.

59.     The allegations set forth in the first sentence of Paragraph 59 characterize 82 Fed. Reg. at 9158, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 59 to the extent that they are inconsistent with or otherwise not contained in the plain language of 82 Fed. Reg. at 9158. The allegations set forth in the second sentence of Paragraph 59 characterize 82 Fed. Reg. at 9158, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 59 to the extent that they are inconsistent with or otherwise not contained in the plain language of 82 Fed. Reg. at 9158, but admits that is has been more than two years since EPA found that the States' failure to submit certain SIP elements related to the

2008 ozone NAAQS establish certain deadlines for EPA to promulgate a FIP to address any outstanding SIP requirements. With respect to the allegations set forth in the third sentence of Paragraph 59, EPA admits that is has been more than two years since EPA issued a final limited approval and limited disapproval of California's submittal addressing minor source NSR requirements for Placer County, California.

60.    With respect to the allegations in the first sentence of Paragraph 60, EPA admits it has not promulgated a FIP to address the SIP elements for the 2008 ozone NAAQS for the areas listed in EPA Tables A-E, but denies the remaining allegations as set forth in Paragraph 60. With respect to the second sentence in Paragraph 60, EPA denies that New Hampshire has not corrected the deficiencies of failure to submit the SIP elements in Table 1, but admits that California has not submitted SIP submittals addressing the SIP elements in Table 1 and that EPA has not approved the SIP elements submitted to correct the deficiencies of failure to submit the SIP elements listed in Table 1. The allegations set forth in the third sentence of Paragraph 60 constitutes a conclusion of law, to which no response is required. To the extent a response is required, EPA admit that it has not promulgated FIPs addressing the SIP elements for the areas identified in EPA Tables A-E, but denies the remaining allegations set forth in the Paragraph 60.

THIRD CLAIM

(Failure to take final action for the 2020 RACT demonstration for the 2008 ozone NAAQS in San Diego County, California)

61.    EPA restates its responses to Paragraphs 1-60 above.

62.    With respect to the allegations in the first sentence of Paragraph 62, EPA admits it has been more than two years months since California submitted the 2020 RACT demonstration for the 2008 ozone NAAQS for San Diego County. The allegations set forth in the second sentence of Paragraph 62 constitute a conclusion of law, to which no response is required. To the extent a response is required, EPA admits that it has not taken final action on the 2020 RACT demonstration submittal for San Diego, except for the three negative

declarations listed at 87 Fed. Reg. at 38666 and one negative declaration listed at 87 Fed. Reg. at 33697.

REQUEST FOR RELIEF

1.    The allegations set forth in Paragraph 1 constitute Plaintiffs' request for relief, which does not require a response.

2.    The allegations set forth in Paragraph 2 constitute Plaintiffs' request for relief, which does not require a response.

3.    The allegations set forth in Paragraph 3 constitute Plaintiffs' request for relief, which does not require a response.

4.    The allegations set forth in Paragraph 4 constitute Plaintiffs' request for relief, which does not require a response.

5.    The allegations set forth in Paragraph 5 constitute Plaintiffs' request for relief, which does not require a response.

GENERAL DENIAL

EPA denies each and every allegation of the First Amended Complaint not specifically admitted in its responses to the First Amended Complaint's specific Paragraphs, set forth above. To the extent that any allegations of fact in the First Amended Complaint remain unanswered, EPA denies such allegations.

AFFIRMATIVE DEFENSES

The court lacks subject matter jurisdiction over some of Plaintiffs' claims or fails to state a claim upon which relief can be granted.

//
//
//
//
//
//
//

1  //

2  //

3  //

4  //

5  //

6  Respectfully submitted,

7  Date: September 30, 2022

8                              TODD KIM
                               Assistant Attorney General

9

10                               /s Leslie M. Hill

11                              LESLIE M. HILL (D.C. Bar No. 476008)
                               U.S. Department of Justice

12                              Environment & Natural Resources Division
                               Environmental Defense Section

13                              4 Constitution Square
                               150 M Street, N. E.

14                              Suite 4.149

15                              Washington, D. C.  20002
                               Leslie.Hill@usdoj.gov

16                              Telephone (202) 514-0375

17

18                              *Attorneys for Defendant*

19  Of counsel:

20  Elizabeth Pettit
    Office of General Counsel

21  U.S. Environmental Protection Agency

22
    Gregory Dain

23  Office of Regional Counsel
    U.S. Environmental Protection Agency, Region I

24

25  Jacobine Dru and Neil Bigioni
    Office of Regional Counsel

26  U.S. Environmental Protection Agency, Region III

27
    Michael Boydston

28  Office of Regional Counsel

1  U.S. Environmental Protection Agency, Region VIII

2  Barbara Nann
3  Office of Regional Counsel
   U.S. Environmental Protection Agency, Region VIII

4
5  Jesse Lueders
   Office of Regional Counsel
6  U.S. Environmental Protection Agency, Region IX

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28