UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

Plaintiffs,

v.

MICHAEL S. REGAN,

Defendant.

Case No. 22-cv-03309-RS

**ORDER DENYING MOTION TO "ENFORCE" CONSENT DECREE AND MOTION TO INTERVENE**

Plaintiffs are non-profit environmental advocacy groups who originally filed this action as a citizen's suit under the Clean Air Act, 42 U.S.C. §§ 7401–7671q, seeking to compel the Administrator of the United States Environmental Protection Agency ("EPA") to carry out allegedly outstanding legal obligations to promulgate Federal Implementation Plans ("FIP") pertaining to nonattainment areas in California and New Hampshire. Complaint, Para. 1, Dkt. No. 1. Plaintiffs subsequently filed an amended complaint adding a claim (among others) to compel EPA to "take final action on State Implementation Plans ("SIP") for the 2008 ozone National Ambient Air Quality Standards ("NAAQS")" in several specified nonattainment areas, including Colorado. Amended Complaint, Para. 1, Dkt. No. 23.

Prior to any court adjudication on the merits, the parties submitted a joint motion to enter a "consent decree." Dkt. No. 35. Pursuant to that joint motion, judgment was entered in the form proposed by the parties. Dkt. No. 37.

Plaintiffs then filed a motion to "enforce" the consent decree. The day opposition to that

motion was due, the State of Colorado sought leave to intervene in the action and to extend the date for opposition. Although briefing on plaintiffs' motion was suspended to permit consideration of Colorado's request, EPA filed opposition as originally scheduled. An order then issued holding Colorado's request to intervene and to file separate opposition in abeyance, and authorizing plaintiff to file a reply brief in support of their motion. Plaintiffs' motion has now been fully briefed, and pursuant to Civil Local Rule 7-1(b) is suitable for disposition without oral argument.

The provision of the consent decree plaintiffs seek to enforce requires the "appropriate EPA official" to:

> sign a notice of final rulemaking to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, a SIP submittal submitted by Colorado addressing the requirements of CAA section 182(c), 42 U.S.C. § 7511a, requirements for the Denver Metro/North Front Range Serious nonattainment area (codified at 40 C.F.R. § 81.306) under the 2008 ozone NAAQS no later than September 29, 2023.

The dispute arises because after the consent decree was entered, Colorado notified EPA that it was purporting to "withdraw" certain elements of its SIP. *See* Dkt. No. 49-3. Plaintiffs contend the law does not permit such a "withdrawal" of a SIP, or portions thereof, that has been submitted to the EPA for review and approval. EPA, in turn, contends that given Colorado's withdrawal, those prior elements of the SIP are no longer pending before it, and it has neither the obligation nor the ability to approve or disapprove them, either under the statute or the consent decree.

Notwithstanding the provision of the consent decree that it represented a "a complete settlement of any and all claims in this case, except for costs of litigation (including attorneys' fees)," Dkt. 37, para. 7[1], the parties anticipated that a state might withdraw all or part of a SIP. The consent decree addressed that the possibility as follows:

---

[1] A recital in the consent decree is to the same effect. "Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of *all claims* in this matter . . . ." Dkt. No. 37 at p. 5 (emphasis added).

> If any State withdraws a SIP submission addressing any or all of the elements listed above . . . then EPA's obligation to take the action required by Paragraph 1 with respect to those elements is automatically terminated unless Plaintiffs move the Court to address EPA's obligation in light of the withdrawn submittal. If Plaintiffs file such a motion, EPA's obligation to act on the withdrawn portion of the submittal is stayed pending resolution of said motion . . . .
>
> Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to EPA's obligation in the event that any State withdraws a SIP submission . . . and Plaintiffs file a motion pursuant to this Paragraph.
>
> If EPA signs a finding of failure to submit for the withdrawn submittal while such a motion is pending and it is published in the Federal Register, Plaintiffs shall withdraw its motion.

Although the parties' efforts to resolve their disputes by negotiated settlement is appreciated and to be commended, their agreement failed adequately to address the potential withdrawal issue or to provide an enforceable mechanism for doing so once it became ripe. At this juncture, the threshold dispute between the parties is whether Colorado's putative withdrawal of its SIP is legally effective. That specific issue was not pleaded in the complaint, as Colorado had not asserted the withdrawal at that time. The legal and/or factual issues pleaded in the complaint, and which the parties agreed to settle by means of the consent decree, were whether EPA had a past-due mandatory obligation to take final action on Colorado's SIP and, if so, when EPA would fulfill that obligation.

The provisions of the consent decree contemplating that plaintiffs could bring a motion "to address EPA's obligation in light of the withdrawn submittal," likely gives plaintiffs a strong argument that the judgment entered in this action does not foreclose them under principles of *res judicata* or for other reasons from seeking a judicial determination of EPA's present duties with respect to the Colorado SIP issue—either by seeking to have the judgment set aside (in part), or by filing a new action. There is no basis, however, to require EPA to take any particular action simply as a matter of "enforcing" the consent decree. The parties did not settle the then-unpleaded and unripe question of what EPA's obligations would be if Colorado subsequently purported to

withdraw its SIP or elements thereof.

Plaintiffs argue Colorado's purported "withdrawal" is not legally permissible, and cite a number of cases for that proposition. For example, in *WildEarth Guardians v. Jackson*, No. 11-cv-5651-YGR (N.D. Cal. Dec. 7, 2012), the court had previously found on summary judgment that the EPA had a duty to act on various states' SIPs. When the EPA sought to amend the summary order to delete the requirement that it act on the SIPs of two states that had purported to withdraw those SIPs in whole or in part, the court concluded that neither a "a partial withdrawal of the SIP submittal, [nor] a withdrawal and submission of a revised SIP, effectively moots EPA's obligations to act." Critically, however, the court then held that the EPA was *not* being required to act on the withdrawn submissions, but that it would have to "to assess the *remaining* submissions, i.e. the revised SIP from Kentucky and the non-withdrawn portion of the Tennessee SIP." The court also noted the EPA might also determine that the "appropriate remedy" under the particular circumstances would be a finding that the states failed to submit a SIP satisfying the Clean Air Act requirements, such that a federal implementation plan should be imposed.

Here, in contrast, plaintiffs are effectively seeking to compel EPA to act on the withdrawn submissions. Plaintiffs very well may have viable arguments that states cannot legally "withdraw" SIPs, and/or that if they purport to do so, the EPA can or must then timely impose a federal implementation plan. The existing consent decree, however, does not resolve those issues.

Although the decree reserved plaintiffs' right to bring a motion in the event Colorado purported to withdraw its SIP or elements thereof, nothing in the consent decree requires further action by the EPA upon such a withdrawal. To the extent plaintiffs may still have a right to compel further action by the EPA under the law generally, they must either seek to set aside the judgment herein (in part), and obtain leave to file an amended complaint asserting the new claims, or bring a new action.

In light of this disposition, Colorado's motion for leave to intervene is moot. It is therefore denied without prejudice to renewal in the event it may become material in subsequent proceedings.

**IT IS SO ORDERED**.

Dated: January 23, 2024

_____
RICHARD SEEBORG
Chief United States District Judge